UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-384-FDW
(3:20-cr-57-FDW-DCK-1)

| ANGEL ARRIAGA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on the Petitioner's *pro se* "Motion for Consideration in Response to Government's Request for 60 Days Extension of Time" (Doc. No. 15) and on the Respondent's filing of a Motion to Dismiss (Doc. No. 16).

The Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) On May 13, 2024, the Court ordered the United States to respond to the Petition. (Doc. No. 12.) The United States sought an extension of time to file its response, which was granted. (Doc. No. 14; June 14, 2024 Text-Only Order.) After the Court had granted the Motion, the Petitioner filed a "Motion for Consideration…" in which he opposes the extension of time, and he appears to ask the Court to revise portions of his Judgment in Case No. 3:20-cr-57. (Doc. No. 15.) The United States has filed a timely Motion to Dismiss. (Doc. No. 16.)

The Court notifies Petitioner that, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner has a right to respond to the Respondents' Motion to Dismiss.[1] The

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the

1

Court also advises Petitioner that failure to file a timely and persuasive response may result in the Court granting the Respondents' Motion.

The Petitioner's "Motion for Consideration…" is denied as moot insofar as the Petitioner has failed to explain why the extension of the United States' response deadline should not have been granted. To the extent that the Petitioner is seeking to amend his § 2241 Petition on a piecemeal basis, this is denied as improper. See generally Fed. R. Civ. P. 15; 28 U.S.C. § 2242.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall respond to the pending Motion to Dismiss (Doc. No. 16) no later than **thirty (30) days** from entry of this Order. Failure to file a timely and persuasive response will likely lead to the Court granting the Respondents' Motion.

2. Petitioner's "Motion for Consideration in Response to Government's Request for 60 Days Extension of Time" (Doc. No. 15) is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 13, 2024

Frank D. Whitney
United States District Judge

---

coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."), *abrogated on other grounds by* Wilkins v. Gaddy, 559 U.S. 34 (2010). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.