UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-384-FDW

| | |
|---|---|
| ANGEL ARRIAGA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "Motion for Withdraw Motion 2241" [Doc. 20] and on the United States' Motion to Dismiss [Doc. 16].

The Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he seeks modification of the terms of his supervised release. [Doc. 1]. The United States filed a timely Motion to Dismiss in which it argues that the Court lacks jurisdiction over the Petition because the appropriate vehicle to challenge this matter is a § 2255 petition. [Doc. 16]. The Court informed the Petitioner of his right to respond in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 17]. Rather than responding, the Petitioner filed the instant "Motion to Withdraw…" in which acknowledges that the § 2241 Petition is "premature." [Doc. 20 at 1]. The United States has not responded to the "Motion to Withdraw…" and the time to do so has expired.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff is permitted to dismiss his action without a court order as no opposing party has served either an answer or a motion for summary judgment. After the adverse party has served an answer or a motion for summary judgment, Rule 41(a)(2) allows for an action to be "dismissed at the plaintiff's request

only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (citation omitted). In determining whether to allow a motion to dismiss without prejudice, the Court should consider such factors as "[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Id. at 179 (citing Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (internal quotation marks omitted)).

Because the United States has responded to the § 2241 Petition, the instant Motion will be considered pursuant to Rule 41(a)(2). Upon considering the record in this case and the relevant factors, the Court finds that voluntary dismissal is appropriate. Although this case has been pending since April 2024 and the United States has responded to the Petition, it appears that the pro se Petitioner is attempting to act in good faith by acknowledging that the action should be dismissed and, as noted *supra*, the United States has not opposed the Petitioner's Motion. The Court thus concludes that granting the Petitioner's Motion serves the interests of justice and judicial economy. Accordingly, the Petitioner's "Motion to Withdraw…" will be granted and the pending Motion to Dismiss will be denied as moot.

**IT IS THEREFORE ORDERED** that the Petitioner's "Motion for Withdraw Motion 2241" [Doc. 20] is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

The United States' Motion to Dismiss [Doc. 16] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: November 26, 2024

Frank D. Whitney
United States District Judge